# IN THE COURT OF APPEALS OF IOWA

No. 20-0907
Filed October 20, 2021

**DAVID MICHAEL EVANS,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY**
        Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Polk County, Christopher Kemp, District Associate Judge.

David Evans challenges the denial of his motion for a determination of his reasonable ability to pay restitution. **WRIT ANNULLED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

In 2017 and 2018, David Evans was convicted of two separate crimes. He was ordered to pay restitution as part of his sentence in each case. Following the convictions, the Polk County Sheriff filed claims for reimbursement in both cases seeking to recover jail fees from Evans pursuant to Iowa Code section 356.7 (2018). The district court approved the full amount requested in both cases.

In May 2020, Evans filed a pro se motion titled, "Motion under Chapter 910.7 Challenging Restitution." The motion requested "a reasonable ability to pay analysis" regarding the outstanding balance of the restitution Evans owed in both cases. The court denied Evans's motion in both cases, finding the restitution that was approved was enforceable as a judgment under Iowa Code chapter 626 and not subject to a reasonable-ability-to-pay determination. Evans filed this certiorari action challenging the court's decision.[1] "We review restitution orders for correction of errors at law." *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019).

The State argues Evans's motion to the district court is untimely and otherwise an inappropriate vehicle to challenge his restitution orders. The district court's orders simply found Evans's restitution was not subject to a reasonable-ability-to-pay determination. As the district court did not rule on the State's

---

[1] Evans began this appellate proceeding by filing separate direct appeals of the court's orders stemming from each conviction. The supreme court consolidated the separate filings into one appellate proceeding. The supreme court then converted the proceeding into a petition for a writ of certiorari, finding certiorari the appropriate means to review the district court's restitution orders. We grant the petition for writ of certiorari and proceed to the merits. *See State v. Propps*, 897 N.W.2d 91, 97–104 (Iowa 2017) (following the procedure of granting the petition for writ of certiorari to reach the issues on their merits, and then, finding no error, annulling the writ).

procedural arguments, they are not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Evans complains to us the State never proved the amounts of restitution approved by the district court. Evans's filings with the district court make clear he only requested a reasonable-ability-to-pay determination. The court did not rule on whether the State proved the amounts of Evans's restitution, so the issue is also not preserved for our review. *See id.*

Regarding the reasonable-ability-to-pay issue, Evans concedes the original restitution orders are being treated as civil judgments with all of the attendant advantages and disadvantages compared to orders treated as criminal restitution. *See Gross*, 935 N.W.2d at 703–04 (describing the difference between criminal restitution and restitution enforced as a civil judgment). Our legislature and supreme court recently enacted changes to a sheriff's ability to enforce restitution orders as a civil judgment. *See State v. Conrad*, No. 18-1363, 2020 WL 5651280, at *1-2 (Iowa Ct. App. Sept. 23, 2020) (describing the statutory and administrative changes to restitution enforced as a civil judgment). However, Evans's restitution orders predate these changes. *See id. Gross*, which also predates these changes, holds restitution orders that are enforced like civil judgments are not subject to a reasonable-ability-to-pay determination. *See* 935 N.W.2d at 703–04. Therefore, we agree Evans is not entitled to a reasonable-ability-to-pay determination for his restitution orders. As for Evans's arguments about the restitution shown in the "restitution plan," these documents are not court orders

that affect the enforceability of the restitution orders in the same manner as civil judgments.

Having reached the merits of Evans's reasonable-ability-to-pay claims in his petition for writ of certiorari, we find no error in the district court's conclusion that a determination is not available for Evans's restitution orders that are being enforced as civil judgments rather than as criminal restitution.

**WRIT ANNULLED.**